# In the United States Court of Federal Claims

No. 10-588C
(Filed: March 9, 2012 )

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
DELAWARE CORNERSTONE                        *
BUILDERS, INC.,                             *
                                            *
              Plaintiff,                    *
                                            *
         v.                                 *
                                            *
THE UNITED STATES,                          *
                                            *
              Defendant.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

## ORDER
_____

This case is currently pending before the Court on Defendant's Motion to Dismiss, as supplemented by Defendant's Supplemental Appendix and the parties' Joint Status Report. Because there are outstanding issues surrounding the pending motion and Plaintiff has not yet filed a motion for leave to file an amended complaint, the Court issues this Order.

Defendant argues that the Court must dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction because Plaintiff never submitted a formal claim to a VA Contracting Officer. Defendant attached, as an appendix to its motion, Plaintiff's September 22, 2004 letter to the contracting officer requesting a final decision. Def.'s Mot. to Dismiss, App. at 9-15. Defendant maintains that the letter submitted in September 2004, does not give this Court jurisdiction over Plaintiff's action because the letter did not cover the same issues as those alleged in the Complaint. Def.'s Mot. to Dismiss 5, 9, 15. Further, Defendant argues that in its Complaint, Plaintiff admits that it did not submit a claim with respect to extra work for groundwater repairs, extra work to repair roofing, or landscaping. Id. at 9 (citing Compl. ¶ 48). Plaintiff, in response, argues that when the Contracting Officer died in 2006, it became impossible to submit a claim as contemplated by the relevant law. Pl.'s Opp'n 10-12.

The Court heard oral argument on the Motion to Dismiss on August 22, 2011. At oral argument, the parties referenced several documents that Defendant had discovered since filing its Motion to Dismiss but which could have some bearing on subject-matter jurisdiction. Therefore, the Court ordered that the Defendant file a Supplemental Appendix containing

>documents relating to the issue of whether Plaintiff has filed a CDA claim, including (1) the close out of Contract V512(P)C-654, Task Order 5 ("the Contract"), (2) any reprocurement of the Contract, (3) any deductive modification of the Contract, (4) the amount the Government refused to pay the Plaintiff on the Contract, and (5) any unfiled documents relating to jurisdiction referenced during the August 22, 2011 argument.

Order, Sept. 15, 2011.

In its September 15, 2011 Order, the Court also authorized Plaintiff to conduct limited discovery on the issue of jurisdiction. Plaintiff was given until October 27, 2011, to file any additional discovery requests relating to jurisdiction. No such discovery requests have been filed.

On October 7, 2011, Defendant timely filed a Supplemental Appendix containing 55 documents. The documents included correspondence between Plaintiff and the contracting officer regarding contract administration and emails among VA officials and Plaintiff's attorney discussing whether Plaintiff's contract had ever been closed out. At least one document showed a history of payments to Plaintiff. The remaining documents contained in the Supplemental Appendix were documents relating to the contract and reprocurement of another contractor to work on the project after Plaintiff stopped work.

On December 21, 2011, the parties submitted a Joint Status Report. In the Joint Status Report, Defendant represented that, in addition to the September 22, 2004 letter that it referenced in its Motion to Dismiss, the Supplemental Appendix contained five letters submitted by Plaintiff to the contracting officer in 2004, that were "styled as 'claims.'" Joint Status Report, 4, Dec. 21, 2011. Defendant argues that these documents, even if they were styled as claims within the meaning of the CDA and FAR, raise issues which "bear no apparent relation to the allegations in the complaint, and the complaint does not rely upon them." Joint Status Report, 4, Dec. 21, 2011. Therefore, Defendant avers that these letters, though discovered after the filing of its Motion to Dismiss, do not provide this Court with subject-matter jurisdiction. Id.

Plaintiff did not address these arguments in the Joint Status Report. Rather, Plaintiff represented that it would respond by filing a motion to for leave to file an amended complaint. Plaintiff also represented that it intended "to immediately file a motion requesting the Court grant it leave to amend its Complaint to clarify the facts and nature of the relief it is seeking in this action." Joint Status Report, 2, Dec. 21, 2011. As of this date, Plaintiff has not filed a motion for leave to amend its complaint.

## Decision

Based on the current record, it is unclear whether Plaintiff contends that it has filed a "claim" with the meaning of the Contract Disputes Act, and if so, what document constitutes that claim, or whether Plaintiff posits that under the circumstances it need not have filed a claim. Following its representations in the Joint Status Report, Plaintiff has unduly delayed seeking leave to file an amended complaint. As such, Plaintiff shall file any motion for leave to file an amended complaint by **April 9, 2012**. Plaintiff has the burden of demonstrating that leave to

amend is warranted.  Plaintiff shall append its proposed amended complaint to its motion for leave.  **No extensions of time will be granted.**

Defendant shall respond to Plaintiff's motion for leave to file an amended complaint by **May 2, 2012**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

3