# In the United States Court of Federal Claims

No. 10-588C
(Filed: August 24, 2012)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
DELAWARE CORNERSTONE                *
BUILDERS, INC.,                     *
                                    *
            Plaintiff,              *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

___

## ORDER TO SHOW CAUSE
___

This case is currently pending before the Court on Plaintiff's motion to amend its complaint.

### Background

Plaintiff filed suit on August 31, 2010, and Defendant filed a motion to dismiss for lack of jurisdiction on January 3, 2011. Defendant argued this Court lacked jurisdiction because Plaintiff failed to file a claim with the contracting officer—a jurisdictional prerequisite under the Contract Disputes Act. The Court held oral argument on Defendant's motion to dismiss on August 22, 2011. During oral argument, the Court requested that the parties clarify their positions on several issues, including whether the contract was ever closed out, whether a deductive modification was ever made to the contract, and whether Plaintiff ever submitted a claim to the contracting officer. Tr. 39–50. Following oral argument, the Court deferred ruling on the motion to dismiss pending the parties' supplementation of the record with additional documents relating to whether this Court has jurisdiction.

Defendant filed a supplemental appendix on October 7, 2011. Plaintiff did not file any supplementary documents or additional discovery requests related to the jurisdictional issue. In the parties' joint status report, filed on December 21, 2011, Plaintiff stated that it "intend[ed] to immediately file a motion requesting the Court grant it leave to amend its Complaint to clarify the facts and nature of the relief it is seeking in this action." Joint Status Report 2. Nearly three months after that report, Plaintiff had not filed its motion.

1

On March 9, 2012, because of Plaintiff's delay in seeking leave to amend the complaint, the Court ordered Plaintiff to file any such motion within 30 days, by April 9, 2012.  The Court's order stated: "Plaintiff has the burden of demonstrating that leave to amend is warranted. . . . **No extensions of time will be granted**."  Order 2–3 (emphasis in original).  Despite this order, Plaintiff did not file its motion for leave to amend until April 10, 2012.  The Clerk of Court recorded the filing of Plaintiff's motion to amend, with the proposed amended complaint, at eleven minutes after midnight, on April 10, 2012.  Defendant opposed this motion for leave to amend, arguing that the motion was late and the proposed amendment was futile.

### Discussion

Rule 6(a)(4)(A) of the Rules of the United States Court of Federal Claims ("RCFC") states "the last day ends . . . for electronic filing, at midnight in the Eastern Time Zone."  Thus, Plaintiff's motion was filed late—eleven minutes past the Court's firm deadline.  The fact that the filing was only minutes late does not automatically warrant its acceptance, especially where the Court has warned that no extensions of time would be granted.  Courts have refused to excuse the tardiness of filings that are late by one day or less.  United States v. Locke, 471 U.S. 84, 100–01 (1985); Spears v. City of Indianapolis, 74 F.3d 153, 157–58 (7th Cir. 1996); Reales v. Consol. Rail Corp., 84 F.3d 993, 995–97 (7th Cir. 1996); Tomson v. Weitz Co., No. 07–2506–CM, 2008 WL 4540986, at *3–5 (D. Kan. Oct. 8, 2008); Coolidge v. Consol. City of Indianapolis, No. 1:04-CV-1240-SEB-VSS, 2006 WL 1072995, at *2 (S.D. Ind. Apr. 20, 2006).

Typically, when a Court issues a warning that no extensions of time will be granted, the parties must meet the Court-imposed deadlines or face sanctions.  Alén-Guitiérrez v. Acevedo-Miranda, 66 F. App'x 226, 227–28 (1st Cir. 2003); cf. Coolidge, 2006 WL 1072995, at *2 (imposing monetary sanctions on counsel for missing a deadline where Court indicated no extensions would be granted).  As the Supreme Court has recognized, "[f]iling deadlines . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."  Locke, 471 U.S. at 101; see also Spears, 74 F.3d at 158.

RCFC 6(b) gives the Court discretion to extend a party's deadline, but, after the deadline has expired, only "on motion" and "if the party failed to act because of excusable neglect."  RCFC 6(b)(1)(B).  Thus, "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect . . . before permitting an untimely motion."  Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895–96 (1990); Smith v. District of Columbia, 430 F.3d 450, 456–57 (D.C. Cir. 2005).

### Conclusion

This Court **ORDERS** Plaintiff to show cause why its motion to amend should be accepted for filing due to excusable neglect.  Plaintiff shall respond to this show cause order on or before **September 24, 2012**, and Defendant shall file any response by **October 9, 2012**.

                                                s/Mary Ellen Coster Williams
                                                **MARY ELLEN COSTER WILLIAMS**
                                                **Judge**