# In the United States Court of Federal Claims
No. 10-588C
(Filed: January 31, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**DELAWARE CORNERSTONE**           \*
**BUILDERS, INC.,**                \*
                                   \*
       **Plaintiff,**    \*
                                   \*
       v.               \*
                                   \*
**THE UNITED STATES,**             \*
                                   \*
       **Defendant.**    \*
                                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

**ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT**

_____

In this Contract Disputes Act ("CDA") case, Plaintiff seeks $200,760.39 representing its earned undistributed contract balance. This matter comes before the Court on Plaintiff's motion to amend its complaint. Although Plaintiff's motion for leave to amend was filed late, the Court accepts the amendment, finding that there is no prejudice to Defendant and that the lateness was due to Plaintiff's counsel's difficulties accessing the Court's electronic filing system.

## Background

Plaintiff represented that it intended to "file a motion requesting the Court grant it leave to amend its complaint to clarify the facts and nature of the relief it is seeking in this action." Joint Status Report 2, Dec. 12, 2011. As reflected in a March 9, 2012 Order, clarification was required regarding what constitutes Plaintiff's CDA claim. The Court stated:

> Based on the current record, it is unclear whether Plaintiff contends that it has filed a "claim" within the meaning of the Contract Disputes Act, and if so, what document constitutes that claim, or whether Plaintiff posits that under the circumstances it need not have filed a claim.

Order at 2-3.

In its proposed amended complaint, Plaintiff did not allege that it had filed a claim or identify any document that constituted a claim. Rather, Plaintiff alleged that it was prevented from filing a claim because the contracting officer passed away before the contract was closed out and the Government failed to appoint a replacement contracting officer. Am. Compl. ¶ 17. Specifically, Plaintiff alleged:

> Without justification, however, the Government ignored DCB's requests and has yet to appoint a new contracting officer while failing to take the necessary steps to close out the Contract.
>
> . . .
>
> By failing and refusing to appoint a replacement contracting officer to administer the close-out of the Contract, the Government has effectively denied DCB its right to payment while attempting to defeat any avenues of relief or appeal provided the contractor under the Contract Disputes Act.

Id. ¶¶ 18, 20.

## Discussion

Because the proposed amended complaint does not add any new allegations and clarifies Plaintiff's position regarding submission of a claim pursuant to the Contract Disputes Act, Defendant will not be prejudiced by allowance of the amendment. In fact, Defendant has already addressed dismissal of the proposed amended complaint in its response in opposition to Plaintiff's motion for leave to amend.

As such, Plaintiff's motion for leave to file an amended complaint is **GRANTED**, and Plaintiff's proposed amended complaint is accepted for filing this date.

/s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**